[No. F055879. Fifth Dist. Mar. 18, 2009.]

321 HENDERSON RECEIVABLES ORIGINATION LLC, Plaintiff and Appellant, v.
JUDITH RED TOMAHAWK, Defendant and Respondent.

Counsel

Reed Smith, Margaret M. Grignon, Wendy S. Albers, Eric T. Jorgensen, Zareh A. Jaltorossian; McCormick, Barstow, James P. Wagoner and Todd W. Baxter for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet and Dean Alan Bochner for National Association of Settlement Purchasers as Amicus Curiae on behalf of Plaintiff and Appellant.

Judith Red Tomahawk, in pro. per., for Defendant and Respondent.

Opinion

ARDAIZ, P. J.—

## INTRODUCTION

In this appeal from an order denying a petition for approval of transfer of structured settlement payment, appellant, 321 Henderson Receivables Origination LLC (hereinafter Henderson), contends that the superior court

exceeded its authority in issuing the order. For the following reasons, we reverse and remand with instructions.[1]

## FACTUAL BACKGROUND & PROCEDURAL HISTORY[2]

Henderson, an indirect subsidiary of J.G. Wentworth, LLC, is a factoring company. Factoring companies engage in the business of paying people who have received a structured settlement annuity because of a successful tort claim a lump sum payment, and, in exchange, the right to some or all of the structured settlement annuity payments is transferred to the factoring company. Henderson earns a profit, in part, by paying these persons a lump sum payment that is less than the discounted face value of the annuity payments. Partially in response to then pending federal tax legislation that would provide favorable tax treatment to structured settlement transfers that were court approved, California enacted a law, the Structured Settlement Transfer Act (hereinafter SSTA), that requires (1) disclosures to the seller of the structured settlement payment rights, (2) notice to the Attorney General, and (3) court approval. (Ins. Code, § 10136 et seq.)

The court approval process requires the factoring company to file a petition in the county in which the transferor resides for approval of the transfer, attaching copies of the petition, the transfer agreement, the disclosure form, the annuity contract, any qualified assignment agreement and the structured settlement agreement, a list of the names and ages of the transferor's dependents, notice of the court hearing date, and notice of a right to respond. (Ins. Code, § 10139.5, subd. (c).)

After consideration of the petition and its attached documents, any written support or opposition by interested parties, and any evidence presented at the hearing, the court grants or denies the petition. In order to grant the petition for approval, the court must expressly find (1) the transfer is in the best interest of the transferor, taking into account the welfare and support of the transferor's dependents; (2) the transferor has been advised in writing to seek independent professional advice and either has received that advice or has knowingly waived it; (3) the transferor has received the disclosure form; (4) the transfer agreement complies with Insurance Code sections 10136 and

---

[1] We also grant Henderson's request for judicial notice.

[2] We have included a full background and procedural history, which is based upon the record filed by and the representations made by the appellant, in order to provide context to Henderson's decision to appeal. Because we are reversing the superior court on the issue of dismissal, we do not need to address whether the trial court's findings and rulings are correct.

10138; (5) the transfer does not contravene any applicable statute or court order; (6) the transferor reasonably understands the terms of the transfer agreement and disclosure form; and (7) the transferor understands his or her right to cancel and does not wish to do so. (Ins. Code, § 10139.5, subd. (a).)

The transfer agreement is effective only upon approval in a final court order. (Ins. Code, § 10139.5, subd. (a).) The court that approves the transfer retains "continuing jurisdiction to interpret and monitor the implementation of the transfer agreement . . . ." (Ins. Code, § 10139.5, subd. (f).) A transfer that is not court approved and does not comply with the requirements of the SSTA is void. (Ins. Code, § 10137.)

Since the SSTA court-approval requirement went into effect, California courts have approved thousands of structured settlement transfers; Henderson alone has obtained judicial approval of more than 2,000 structured settlement payment transfers throughout California. However, beginning in March of 2008, several superior court judges in Fresno County began to deny petitions for court approval of structured settlement payment transfers based upon actual or perceived misconduct on the part of factoring companies and concerns that the transfers could violate the antiassignment provisions in the annuity contracts and underlying settlement agreements. Henderson has appealed 11 of these orders. This court has consolidated those appeals.

On April 29, 2008, Judge Donald S. Black issued a tentative ruling in a pending Henderson petition proceeding (*In re David Fleming* (Super. Ct. Fresno County, No. 08CECG00998)). The tentative ruling denied the petition for approval because it found that Henderson had not complied with the requirements of the SSTA. The tentative ruling criticized Henderson for omitting material information and documents from the petition for court approval, and voiced the concerns about the antiassignment provisions. In addition, Judge Black found that Henderson had a pattern and practice of referring lawyers to the sellers in violation of the SSTA's independent counsel requirement and directed that the *Fleming* order be served on the Attorney General and State Bar and attached to certain future SSTA petitions.

Although the *Fleming* tentative order did not explicitly void prior court approvals of SSTA petitions, the tentative ruling concluded that errors similar to the ones that the court found in the *Fleming* petition, such as the failure to include required documentations with the petition and to comply with the independent counsel requirement, would void any prior court approval of SSTA petitions. In addition, the tentative ruling stated that Henderson was not

entitled to the structured settlement payments that were transferred and that Henderson could not recover the lump sum payments that it made to the transferors. The tentative ruling required Henderson to serve the order on each person who had transferred payments to Henderson in approximately 100 Fresno and Kern County petition cases as well as the insurers in those transactions.

Henderson had a number of other SSTA petitions pending in Fresno County. Before similar orders could be issued in those special proceedings, Henderson filed requests for dismissal of all its pending petitions. Most of these petitions, including all of the petitions before Judge Black, were not dismissed.

With respect to the instant case, Henderson submitted a request for dismissal without prejudice of the Red Tomahawk petition on May 1, 2008. Because a voluntary dismissal without prejudice had not been entered by May 5, 2008, on that date, Henderson submitted a notice of withdrawal of the petition and also a request for dismissal with prejudice.

The instant Red Tomahawk petition was the third petition that Henderson filed in order to transfer a structured settlement payment from Ms. Judith Red Tomahawk to Henderson. Henderson filed the first petition for approval of the transfer of a single annuity payment from Ms. Red Tomahawk on August 14, 2007. According to Henderson, before the matter was heard by the trial court, Ms. Red Tomahawk informed Henderson that she wished to cancel the sale. As a result, on October 24, 2007, Henderson filed a request for dismissal without prejudice, which was entered by the clerk.

In late 2007, Ms. Red Tomahawk informed Henderson that she had changed her mind and wished to move forward with the transfer. Henderson filed the second petition for approval of the transfer of the payment on December 5, 2007. On January 15, 2008, Judge Adolfo M. Corona denied the petition without prejudice because, among other reasons, the annuity and settlement agreement contained provisions barring sales. In denying the petition, Judge Corona specifically stated that the "denial of this Petition is without prejudice to a Petition brought, by, or expressly consented to in writing by the owner of the annuity."

Because Henderson believed that it could address the court's concerns, on March 7, 2008, Henderson filed the instant petition, which was substantially similar to the second petition. This petition was assigned to Judge Black.

On the afternoon of May 20, 2008, Judge Black issued a tentative ruling on the Red Tomahawk petition by posting it to the superior court's Web site. In the tentative ruling, Judge Black rejected Henderson's requests for a voluntary dismissal with or without prejudice because Henderson was not a "plaintiff" for the purposes of dismissal under section 581, denied the petition for approval of the transfer, and entered a judgment of dismissal with prejudice. The hearing on the tentative ruling was scheduled for the next day.

The tentative ruling concluded that the petition must be denied because the annuity contract bars transfers and assignments. The tentative ruling also found that Henderson failed to meet the disclosure requirements of the SSTA because Henderson had "conceal[ed]" the annuity terms by not including the page of the annuity that contained the antiassignment provisions.

The tentative ruling further found that the petition should be denied because Henderson referred the transferor to a conflicted attorney for advice on the transfer. Judge Black stated that he reviewed the Henderson petitions that were filed in Fresno County, as well as in Kern and Riverside Counties, and found that Henderson was continually referring certain attorneys to the transferees. Judge Black appears to have concluded that these attorneys are conflicted because they write "estoppel letters" that are expressly stated to be written for the benefit of Henderson. The estoppel letters contain the attorney's opinions as to the transferor's purported understanding of the transfer agreement. Judge Black found that these estoppel letters represented that the attorneys had explained the terms of the transfer agreement, but that the letters did not contain representations that the attorneys had provided their clients, the transferees, with the advice that was required by the SSTA, "such as whether the client should enter into the agreement in the first place, whether there are tax consequences, or whether the client might lose government benefits such as SSI, Medicare, or Medicaid upon receipt of the lump sum." Judge Black concluded that these attorneys had violated their fiduciary duties of undivided loyalty and competence to their clients, the transferees. According to Judge Black, these attorneys "can more properly be characterized as [Henderson] counsel masquerading as attorneys for the [transferors] in order to push the sales through by creating a false appearance of independent counsel." Because of Henderson's alleged pattern and practice of using conflicted attorneys, Judge Black ordered the Clerk to serve a copy of the order on the Attorney General and the State Bar.

The tentative ruling also held that Insurance Code section 10137 not only bars approval of petitions in which counsel is not independent, "it provides that even if approval were obtained by such subterfuge, the attempted

purchase would be void." The tentative ruling further held that Henderson could not recover the funds it expended on such voided transactions because Henderson had unclean hands since Henderson used conflicted attorneys.

Henderson's former counsel failed to request a hearing or appear at a hearing on May 21, 2008. Accordingly, on May 21, 2008, the tentative ruling became final.

Henderson then moved to vacate the May 21, 2008 order under Code of Civil Procedure, section 473, subdivision (b)[3] on the ground that the order was the result of the mistake of Henderson's former counsel in failing to request a hearing following the issuance of the tentative ruling on May 20, 2008. Henderson also filed an objection to the order. In the objection, Henderson argued, among other things, that the May 21, 2008 order violated Henderson's right to due process because Henderson was not given notice and an opportunity to be heard before the court made its ruling, which purportedly addressed collateral issues. Henderson also objected to the court's independent investigation of the various petitions that were filed in Fresno, Kern, and Riverside Counties, especially given that the court did not notify or consult the parties prior to the investigation. Finally, Henderson objected to the court's apparent ruling that prior court-approved structured settlement payment transfers were void because Henderson contended that such a ruling intruded upon the authority of other superior court judges and their final court orders approving SSTA petitions.

The hearing on the motion to vacate and the objection was set for July 8, 2008. On July 7, 2008, Judge Black gave notice on the court's Web site that, at the hearing to be held on the next day, he also would address whether the transfer was usurious, which if true, would provide another reason to deny the petition. In response, Henderson filed an amended objection addressing the new usury issue.

On July 17, 2008, Judge Black issued an order granting Henderson's motion to vacate the May 21 order and then entered a new order on July 17, 2008.

In the July 17, 2008 order, Judge Black denied Henderson's requests for voluntary dismissal of the petition with or without prejudice, concluding that Henderson was not a "plaintiff" for the purposes of section 581.

---

[3] All further section citations are to the Code of Civil Procedure, unless otherwise indicated.

Judge Black defended his heightened scrutiny of the petition, including his review of matters outside of the pleadings, based upon his conclusion that the SSTA demanded that the court scrutinize the transaction. According to Judge Black, "the purpose of the SSTA is to place any attempt to purchase structured settlement payments under the strictest scrutiny" and the superior court's duty of oversight in the case is similar to situations "such as where the claim of a minor is settled, or the named parties to a class action desire to settle the matter on behalf of all those within the class," which are situations in which the "Court's duty of oversight has even been characterized as fiduciary in nature." Thus, Judge Black concluded that he was not "unduly entangled and embroiled in the matter" because he was following the demands of the SSTA.

Judge Black also concluded that Henderson has engaged in a pattern and practice of shopping for different judges by submitting multiple petitions which concealed prior petitions or transfers and by seeking dismissals in light of adverse tentative rulings. Judge Black further concluded that "Henderson's distinct lack of candor in its dealings with the Court" and the superior court's "affirmative duties where counsel are concerned" supported his independent investigation of other Henderson petitions to determine whether counsel for the transferees were independent. According to Judge Black, "counsel is not independent because the same counsel appear over and over, repeatedly, for the transferees in this and other courts and because the chances of each and every transferee hiring the same attorney are so miniscule, the inference is clear they are referred by, and thus owe their compensation to, the factoring companies." Judge Black also concluded that the purpose of the estoppel letters prepared by the attorneys is to provide evidence against the transferees in any future dispute.

Judge Black further concluded that the antiassignment provision in the annuity contract applies to bar the transfer, notwithstanding article 9 of the California Uniform Commercial Code, because that article does not apply to annuity contracts. Judge Black also found, for the first time, that the transfer violated California's usury laws because the transfer was in the nature of a loan, and not a sale.

Judge Black concluded that Henderson was afforded due process because "Petitioner or its affiliates were parties to every single proceeding mentioned herein and thus have access to all of the files and record to which the court has referred. Moreover, petitioner was notified of the Court's concerns about its practices with regard to these petitions in the tentative ruling posted on

April 29, 2008 for the *Fleming* matter." Judge Black further contended that he had provided sufficient notice of the tentative ruling, and that, in any case, Henderson now had received the opportunity to be heard.

Judge Black ordered Henderson to attach the order to any future petitions that it or J.G. Wentworth or any affiliates filed in Fresno County in the next five years. He also ordered that the order be sent to the Attorney General and the State Bar.

Finally, Judge Black held that "[t]he Legislature provided that approval is but one of three requirements to avoid an automatic default finding that a given transaction as void. (Insurance Code section 10137(b).)" Therefore, Judge Black concluded that other persons or entities might be affected by his ruling and that they should be notified. Thus, Judge Black ordered Henderson to serve a copy of the order on each person or entity listed in any proof of service for any and all of the Fresno County petitions listed in exhibits attached to the order, as well as any California agent for service of process for affected insurers.

Henderson timely appealed and also filed a petition for a writ of supersedeas to stay enforcement of the trial court order pending appeal. On October 3, 2008, this court granted Henderson's petition for the writ of supersedeas.

## DISCUSSION

On appeal, Henderson contends that the superior court erred when it concluded that Henderson could not voluntarily dismiss its SSTA petition with or without prejudice under section 581. We agree with appellant, and conclude that the superior court should have granted Henderson's request for voluntary dismissal without prejudice.

### A. Dismissal Under Section 581

■ Section 581, subdivision (b), provides that "[a]n action may be dismissed in any of the following instances: [¶] (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any. [¶] (2) With or without prejudice, by any party upon written consent of all other parties." "Apart from certain . . . statutory exceptions, a plaintiff's right to a voluntary dismissal [under section 581] appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action." (*Wells v. Marina City Properties,*

*Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217] (*Wells*).) "Alternatively stated, voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. [Citations.]" (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 261 [82 Cal.Rptr.3d 629] (*Gogri*).) "An order by a court lacking subject matter jurisdiction is void. [Citation.]" (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 909 [84 Cal.Rptr.2d 303] (*Kyle*).) Where the facts are undisputed, we review de novo the superior court's denial of a request for dismissal under section 581. (*Gogri, supra,* 166 Cal.App.4th at p. 264.)

■ Section 581, subdivision (b) applies to special proceedings. (§ 581, subd. (a)(1) [defining an "action" that may be dismissed under § 581 as "any civil action or special proceeding"]; see also *Conservatorship of Martha P.* (2004) 117 Cal.App.4th 857, 867 [12 Cal.Rptr.3d 142] [holding that § 581 applies to special proceedings].) A "special proceeding" is any and every remedy other than "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (§§ 22 & 23.)

■ A petition for approval of a structured settlement payment transfer under the SSTA is a special proceeding because it is a proceeding in a court of justice where a party is not seeking "a declaration, enforcement, or protection or a right, the redress or prevention of a wrong, or the punishment of a public offense" against another party. Rather, a SSTA petition seeks a remedy other than the remedies mentioned under section 22.

■ Only a plaintiff may request dismissal with or without prejudice under section 581, subdivision (b)(1). Section 581, subdivision (a)(1) does not clearly define which party to an "action" is a "plaintiff." Rather, "plaintiff" is defined as including a "cross-complainant." (§ 581, subd. (a)(5).) Section 581, subdivision (c) states that "[a] plaintiff may dismiss his or her complaint . . . ." Thus, it is clear that a "plaintiff" includes a complainant and a cross-complainant. Under the Code of Civil Procedure, however, "[t]he party prosecuting a special proceeding may be known as the plaintiff . . ." (§ 1063), which creates an inference that the party prosecuting a special proceeding is a plaintiff that may request dismissal under section 581. Our review of several sections in the Code of Civil Procedure indicates that this is the case.

■ Under section 367, "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." The phrase "except as otherwise provided by statute" has been interpreted to require that

an action must be prosecuted in the name of the person to whom the right to prosecute the matter was given by statute. (*Conservatorship of Martha P.*, *supra*, 117 Cal.App.4th at p. 868.) ■ Under the SSTA, and specifically under Insurance Code section 10139.5, subdivision (c)(1), "[a]n application under this article for approval of a transfer of structured settlement payment rights shall be made by the transferee . . . ." Thus, the transferee is the person to whom the right to prosecute the matter is given by statute, and the transferee, therefore, is the plaintiff for the purposes of seeking dismissal of a SSTA petition under section 581.

## B. Voluntary Dismissal of Red Tomahawk Petition

■ In the Red Tomahawk petition, Henderson is the transferee. As such, Henderson is the "plaintiff" prosecuting this special proceeding and, therefore, has the right to voluntarily dismiss its petition with or without prejudice. The superior court therefore erred in concluding that Henderson could not seek dismissal under section 581 because Henderson was not a "plaintiff" for the purposes of section 581. Having concluded that Henderson could seek to voluntarily dismiss its SSTA application under section 581, subdivision (b)(1), we next address whether Henderson was entitled to relief under that subdivision.

■ Section 581, subdivision (b)(1) requires that a plaintiff file its written request for dismissal with or without prejudice prior to commencement of trial. Section 581, subdivision (a)(6), provides that "[a] trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." The California Supreme Court also has construed the phrase "commencement of trial" in section 581 to include "determinations on matters of law which dispose of the entire case, such as some demurrers and pretrial motions. [Citations.]" (*Kyle, supra*, 71 Cal.App.4th at p. 909.)

At least one California appellate court has concluded that voluntary dismissal is untimely under section 581 if either (1) there has been "a public and formal indication by the trial court of the legal merits of the case," or (2) there has been "some procedural dereliction by the dismissing plaintiff that made dismissal otherwise inevitable." (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 200 [55 Cal.Rptr.3d 424].) Thus, "[a]bsent special circumstances that make an adverse judgment inevitable, a plaintiff's section 581 voluntary dismissal of an action is timely when, as in this case, it is filed *before* the trial court issues a tentative ruling [in the proceeding]." (*Gogri, supra*, 166 Cal.App.4th at p. 264.)

■    Here, when Henderson filed its request for dismissal without preju-dice and when Henderson filed its subsequent request for dismissal with prejudice of the Red Tomahawk petition, a hearing on the petition had not occurred and thus no opening statement or argument had been made. Furthermore, the superior court had not issued any tentative ruling with respect to that SSTA petition. Instead, the superior court had issued an unfavorable ruling on another Henderson SSTA petition. An unfavorable ruling in another case is not a "public and formal indication" by the trial court of the legal merits of the instant case. Also, there is no procedural dereliction by Henderson that would have made dismissal, as opposed to voluntary dismissal, otherwise inevitable. Thus, Henderson had the right to request voluntary dismissal with or without prejudice under section 581, subdivision (b)(1). And the superior court must grant that request in this case. (See *Wells, supra,* 29 Cal.3d at p. 784 ["Apart from certain . . . statutory exceptions, a plaintiff's right to a voluntary dismissal [under section 581] appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action."].)

### C.   Validity of the Order Denying the Petition and Related Matters

Because we conclude that the superior court should have dismissed the petition without prejudice, the order denying the petition is void in its entirety. (See *Kyle, supra,* 71 Cal.App.4th at p. 909.) Because the order denying the petition was published on the superior court's Web site and has been disseminated via the Internet to a broad range of interested parties who may mistakenly believe that the order is valid, we will order that this decision also be posted on the superior court's Web site. We decline to address Henderson's arguments addressing the merits of the order in this case because it would merely be an advisory opinion in the instant appeal, and we already have set an expedited schedule on Henderson's other appeals from other orders denying SSTA petitions, in which we will be able to reach the merits of those orders.

On remand, the superior court should enter Henderson's request for dismissal without prejudice under section 581. At oral argument, Henderson's counsel represented that both Henderson and Ms. Red Tomahawk wished to pursue the transfer and requested that any new petition not be assigned to Judge Black. In light of our decision, we conclude that it is unnecessary to reach this issue.

## DISPOSITION

The denial of appellant's petitions to dismiss is reversed and remanded to the superior court to enter a dismissal without prejudice. This decision will be posted to the superior court's Web site for as long as the prior order denying approval of the SSTA petition was posted, but for at least 30 days. Costs are denied.

Cornell, J., and Gomes, J., concurred.