Filed 7/23/13

## *CERTIFIED FOR PUBLICATION*

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| MON CHONG LOONG TRADING CORP., <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, <br><br> Respondent; <br><br> DEFANG CUI, <br><br> Real Party in Interest. | B240828 <br><br> (Los Angeles County <br> Super. Ct. No. GC046734) |

ORIGINAL PROCEEDINGS in mandate.  Jan A. Pluim, Judge.  Petition granted and the matter remanded to the trial court with directions.

Wesierski & Zurek and Frank J. D'Oro for Petitioner.

No appearance for Respondent.

Vititoe Law Group, Carrington J. Snyder and James W. Vititoe for Real Party in Interest.

The defendant and appellant, Mon Chong Loong Trading Corp. (defendant) has appealed the trial court's order taxing the defendant's claim for expert witness fees included in its cost bill. The defendant filed its cost bill in this matter following the voluntary dismissal, without prejudice, of the complaint of plaintiff and respondent, Defang Cui (plaintiff).

This case presents the question of whether an order to pay expert witness fees under the cost-shifting provisions of the Code of Civil Procedure, section 998,[1] is appropriate in the circumstances of this case. We will hold that a voluntary dismissal constitutes the conclusion of the action and is therefore an appropriate precipitating event triggering the trial court's discretion as to the assessment of expert witness fees under section 998.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

After a fall that allegedly resulted in a back injury at defendant's supermarket on August 16, 2010, plaintiff filed this action on January 13, 2011. Plaintiff's form complaint alleged causes of action based on negligence and premises liability. Defendant filed an answer on April 6, 2011.

---

[1]    Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

[2]    There was no final judgment in this matter. As we explain, this means that the trial court's order taxing costs cannot be deemed to be an appealable "post-judgment" order. However, because (1) this case presents an issue of first impression and (2) defendant would otherwise be deprived of any opportunity for an appellate review of the trial court's order, we have exercised our discretion to treat the notice of appeal as a petition for a writ of mandate.

On December 7, 2011, defendant served a demand for exchange of expert witness lists and reports. On December 13, 2011, defendant also served on plaintiff a notice for an independent medical examination (IME) to be conducted by one of the defendant's experts. On December 20, 2011, defendant made plaintiff an offer under section 998 to permit entry of judgment in favor of plaintiff for $10,000 in return for a release of "all existing and future medical, legal and other liens arising in any way from the subject incident." Plaintiff did not respond to the offer, did not appear for the IME, and did not participate in the exchange of expert witness lists and reports.

After the time had passed for plaintiff to participate in the expert witness information exchange, defendant, on January 11, 2012, filed a motion in limine to preclude plaintiff from calling any expert witnesses or offering any expert testimony. The Final Status Conference, during which motions in limine are heard (Cal. Rules of Court, rule 3.1548(f)(11)) was scheduled for February 10, 2012. Opposition to the defendant's motion was therefore due nine court days prior to that date (§ 1005, subd. (b)).

Time still remained to oppose defendant's motion in limine when plaintiff filed a substitution of attorney on January 17, 2012. Defendant's counsel spoke with plaintiff's new attorney and "all counsel agreed" that plaintiff would appear for a rescheduled IME on February 1, 2012. However, on January 30, the last day on which an opposition to the motion in limine could be timely filed, plaintiff filed a request for voluntary dismissal of her complaint without prejudice. Such dismissal was entered the same day.

3

Defendant, on February 2, 2012, filed a memorandum of costs seeking $7,336, including $3,600 for expert witness fees incurred preparing for trial. On February 27, 2012, plaintiff moved to strike the memorandum of costs in its entirety or, in the alternative, tax the defendant's costs with respect to the expert witness fees. Defendant, on March 29, 2012, filed an opposition to the motion to tax costs and, in the same filing, requested that the earlier dismissal by plaintiff be deemed *with* prejudice because it was filed while a purportedly dispositive motion in limine (to exclude expert witness testimony) was pending. On April 13, 2012, the trial court granted the motion to tax the expert witness fees, awarded the remaining $3,736 in costs, and denied defendant's request that plaintiff's dismissal be deemed with prejudice.[3] On April 20, 2012, defendant filed a notice of appeal from this order.[4]

---

[3] The trial court's order reads in full: "After full consideration of the evidence, and the written and oral submissions by the parties, the Court finds that: [¶] 1. The Motion to Strike the Cost Bill is denied. [¶] 2. The Motion to Tax the Cost Bill is granted as to Item 8, which is taxed in its entirety and is otherwise denied. [¶] 3. The total amount of costs ordered to be paid by Plaintiff to Defendant is $3,736.00 [¶] 4. The Defendant is not entitled to recover its expert fees pursuant to C.C.P. Section 998 because this case did not result in any 'Judgment or Award' more favorable than its offer. [¶] 5. The Court declined to consider Plaintiff's dismissal as a dismissal with prejudice. Plaintiff was not facing termination of her case pursuant to statute or motion at the time of dismissal. [¶] WHEREFORE, by virtue of law, and by reason of the aforesaid, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant, Mon Chong Loong Trading Corp. dba HONG KONG SUPERMARKET OF MONTEREY [PARK] recover from Plaintiff DEFANG CUI, its costs and disbursements in the sum of $3,736.00."

[4] Plaintiff re-filed an identical action in Los Angeles Superior Court (LASC No. GC049607) on June 8, 2012, and that matter has been stayed pending the outcome of this appeal. We have taken judicial notice of the filing of such new action in the trial court. (Evid. Code, § 452, subd. (d).)

4

## ISSUES ON APPEAL

The dispositive issues in this case include whether a plaintiff's voluntary dismissal without prejudice constitutes a failure to obtain a more favorable judgment or award, thus triggering a defendant's right to expert witness fees under section 998. That, in turn, raises the question as to whether section 998 expert witness fees are part of the costs on which entry of dismissal is conditioned under section 581. At the point of entry of a voluntary dismissal of a lawsuit, it is clear that the plaintiff has failed to obtain a more favorable judgment or award in that suit, but does that mean that the trial court therefore has discretion to award defendant's expert witness fees under section 998 subdivision (c)(1)? Should policy considerations support an award of section 998 expert witness fees in such circumstances?[5]

## DISCUSSION

1. *Appealability and Standard of Review*

Defendant appeals from the April 13, 2012 order taxing costs, which followed the clerk's dismissal. Plaintiff argues that this appeal is not based on an appealable order or judgment. An order on a motion to tax costs is ordinarily "separately appealable as an order after final judgment." (*Markart v. Zeimer* (1925) 74 Cal.App. 152, 155; 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 147, p. 680.) That is, an appeal may be taken from a postjudgment order. (§ 904.1

---

[5] For example, there is no guarantee that a second action will be filed or pursued by the plaintiff after the initial action has been voluntarily dismissed. As a result, if the defendant cannot recover section 998 expert witness fee costs upon the conclusion of the initial action, irrespective of whether the plaintiff refiles the action, the defendant may be denied any opportunity to ever recover such costs.

subds. (a)(2).)  Here, however, there has been no judgment, only a dismissal, and the entry of dismissal by the clerk is a "ministerial, not judicial, act, and no appeal lies therefrom."  (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120.)  Therefore, the order taxing costs follows a non-appealable voluntary dismissal, and is similarly non-appealable.

However, (1) under unusual circumstances, and (2) where doing so would serve the interests of justice and judicial economy, an appellate court may use its discretion to construe an appeal as a petition for writ of mandate.  (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 732.)  The unusual circumstances that necessitate review as a writ petition include where the matter presents an issue of first impression.  (*Zabetian v. Medical Board of California* (2000) 80 Cal.App.4th 462, 466.)  This case does present such an issue:  whether a plaintiff's voluntary dismissal without prejudice constitutes a failure to obtain a more favorable judgment or award and triggers cost-shifting under section 998.  In addition, if we do not exercise our discretion to treat defendant's appeal as a petition for writ of mandate, the defendant may be left without any appellate remedy to challenge the trial court's order.  The interests of justice, however, require that defendant have an opportunity for appellate review.  For these reasons, we have determined to construe the defendant's appeal as a petition for a writ of mandate.

In construing scope and application of section 998, we review the trial court's decision de novo.  (*Mesa Forest Products, Inc. v. St. Paul Mercury Ins. Co.* (1999)

6

73 Cal.App.4th 324, 329.) Under a de novo standard of review, this court is not bound by the lower court's interpretation of the statute.

2. *The Trial Court Should Exercise Its Discretion with Respect to the Award of a Defendant's Section 998 Expert Witness Fee Claim Following a Plaintiff's Voluntary Dismissal of the Action*

A plaintiff may voluntarily dismiss a complaint by written request to the clerk at any time prior to the commencement of trial, upon payment of costs (§ 581 subd. (b)(1)). As the statute expressly states, a party in whose favor such a dismissal is entered is entitled to recover its costs (§ 1032 subd. (4)(b)). Generally, these costs do not include the fees of experts not ordered by the court. (§§ 1032, 1033.5, subd. (b)(1).) However, expert witness fees may be recoverable following a valid section 998 settlement offer that is not accepted. "If an offer made by a defendant is not accepted *and the plaintiff fails to obtain a more favorable judgment or award* . . . the court or arbitrator . . . in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses . . . actually incurred and reasonably necessary in . . . preparation for trial or arbitration . . . . " (§ 998, subd. (c)(1); italics added.) The issue in this case is whether a plaintiff's voluntary dismissal of a complaint (where a section 998 offer has not been accepted) triggers trial court consideration of whether expert witness costs may be recovered by the defendant. We hold that it does.

Section 998 does not describe the proper moment in the life-cycle of a lawsuit to assess expert witness fees. Both parties appear to believe that a judgment is necessary to trigger the award of section 998 fees, but disagree over whether a judgment or

7

equivalent dismissal occurred.[6]  In our view, section 998's "more favorable judgment or award" language describes the necessary condition for relieving the refusing party of its obligation to pay, not the timing of the award.  The appropriate moment for a court to assess whether a more favorable judgment or award has been obtained is at the *conclusion* of the lawsuit.  In many cases, the conclusion of the lawsuit is synonymous and contemporaneous with the entry of judgment, and thus the distinction is irrelevant.  Here, however, the action ended with a voluntary dismissal.

Section 998 does not require that the party who has submitted a valid and reasonable offer (here, the defendant) achieve any specific result; the discretionary award of fees is triggered "[i]f . . . *plaintiff fails* to obtain a more favorable judgment or award . . . . "  (§ 998 subd. (c)(1), italics added.)  By its plain language, it requires that the plaintiff who refused the reasonable settlement offer obtain a more favorable judgment or award in order to avoid possible liability for section 998 fees.

A plaintiff may fail to obtain a more favorable judgment or award by failing to obtain any award at all, as in the case of voluntary dismissal.  The law already recognizes this fact.  Indeed, voluntary dismissal of a lawsuit is always conditioned "upon payment of costs," even if the dismissal is without prejudice and the potential exists, as in this case, for a refiling of the same action.  (§ 581 subd. (b)(1); § 1032

---

[6]    The parties briefed extensively the issue of whether the voluntary dismissal in this case was with or without prejudice.  We decline to decide the matter, as even a voluntary dismissal without prejudice triggers a potential award of costs.  (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 331  ["Defendant is entitled to costs regardless of whether the dismissal is with or without prejudice"].)  Therefore, the issue would not be outcome-determinative.

8

subd. (a)(4); *Cano v. Glover, supra* 143 Cal.App.4th at p. 331; Cal. Rules of Court, rule 3.1700(a)(1)).

While a lawsuit may be concluded by a voluntary dismissal, the price of such a dismissal is the payment of costs under section 1032. In our view, section 998 expands those costs to include the discretionary award of expert witness fees. Even though there may remain the possibility (or existence) of a second lawsuit, both justice and judicial economy require that the award of costs be swiftly and simply concluded following the dismissal. Such award cannot be predicated or dependent upon the possible future result of related (or even identical) separate litigation that may itself never progress to a judgment or award.[7] Thus, the trial court erred to the extent it required the defendant, who had made a valid section 998 offer, to first obtain a judgment in the case before the trial court would consider its claim for recovery of expert witness fees. We will therefore direct the trial court to (1) vacate its order of April 13, 2012 (to the extent that it taxed defendant's claim for expert witness fees) and (2) exercise its discretion under section 998, subdivision (c)(1).[8]

---

[7] We note that the second action (LASC No. GC049607, filed June 8, 2012) had not yet been filed by plaintiff when the trial court held its hearing on, and resolved, the motion to tax costs.

[8] The amount of any expert witness fees awarded to the defendant in *this action* may be taken into account in the refiled action, if the issue of plaintiff's responsibility for defendant's expert witness fees should arise in that case as well.

9

## *DISPOSITION*

Defendant's petition is granted.  Let a preemptory writ of mandate issue directing the trial court to vacate its order of April 13, 2012, to the extent that it taxed the defendant's cost bill in this matter.  The trial court is further directed to reconsider, subject to the exercise of its discretion under section 998, the plaintiff's motion to tax the defendant's cost bill claim for expert witness fees and make a new order with respect to such motion.  Each party shall bear its own costs in these appellate proceedings.


*CERTIFIED FOR PUBLICATION*


CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.


10