Filed 12/23/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MESA SHOPPING CENTER-EAST, LLC et al., | G049205 |
| Plaintiffs and Respondents, | (Super. Ct. No. 30-2011-00451572) |
| v. | O P I N I O N |
| ROBERT O HILL et al., | |
| Defendants and Appellants. | |

Appeal from a judgment and postjudgment orders of the Superior Court of Orange County, Linda Marks, Judge. Reversed.

Law Office of Kimberly A. Knill, Kimberly A. Knill; Call & Jensen and David R. Sugden for Defendants and Appellants Robert O Hill and Golf Realty Fund.

Weintraub Tobin, Gary A. Waldron, and Sherry S. Bragg for Plaintiffs and Respondents.

\* \* \*

"[T]he party prevailing on the contract" in a breach of contract action is entitled to recover reasonable attorney fees if the contract "specifically provides" for such recovery. (Civ. Code, § 1717, subd. (a); see Code Civ. Proc., § 1033.5, subd. (a)(10)(A).) But "there shall be no prevailing party" if "an action has been voluntarily dismissed" (Civ. Code, § 1717, subd. (b)(2)), something plaintiffs may do without prejudice before "the actual commencement of trial." (Code of Civ. Proc., § 581, subds. (b)(1), (c).) [1]

We are tasked with applying these rules in a context not yet addressed in the case law. Plaintiffs sought declaratory and injunctive relief against defendants in this action. But the complaint explicitly acknowledged it was "ancillary to" contemplated private arbitration of disputes arising out of the parties' contractual relationship. The court denied plaintiffs' motion for a preliminary injunction and the parties stipulated to stay the action "pending arbitration." Plaintiffs voluntarily dismissed this action (purportedly without prejudice) after the arbitral claims were submitted for final resolution and the arbitrator had issued an interim award favorable to defendants. The interim arbitral award was shortly thereafter made final without substantive revision, except for adding plaintiff's attorney fees and costs incurred in the arbitration.

The court denied defendants' motion to vacate the dismissal, reasoning that the arbitration and this case were separate proceedings and that plaintiffs had dismissed this action before trial commenced. We disagree and therefore reverse. This lawsuit was based on the same causes of action submitted to the arbitrator; it differed only in the remedies sought (i.e., injunctive relief in court, damages from the arbitrator). Once the hearing on the merits of the parties' dispute commenced at the arbitration, it was too late for plaintiffs to dismiss this action without prejudice and thereby avoid an attempt by defendants to recover attorney fees as the prevailing party in this action.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

FACTS

*The Parties' Contractual Relationship*

Approximately 20 years ago, plaintiffs and defendants together purchased two adjacent parcels in Newport Beach on which private golf and tennis clubs were the allowed and existing uses (the Properties). Defendant Robert O Hill purchased 50 percent of the Properties through two of his companies, which are also defendants in this action; we shall refer to defendants collectively as the O Hill Investors. Plaintiffs Mesa Shopping Center-East, LLC, Mira Mesa Shopping Center-West, LLC, and The Fainbarg Trust dated April 19, 1982 purchased the remaining shares of the Properties; we shall refer to plaintiffs collectively as the Mesa Investors.

The parties agreed to two nearly identical contracts to govern ownership and management issues at each of the Properties (the Agreements). One of the O Hill Investors was designated as the managing owner, tasked with paying expenses, maintaining books and records, preparing status and financial reports, and distributing cash generated by operations.

The Agreements both stated, "ALL DISPUTES ARISING UNDER THIS AGREEMENT WILL BE RESOLVED BY SUBMISSION TO ARBITRATION AT THE ORANGE COUNTY OFFICES OF JUDICIAL ARBITRATION & MEDIATION SERVICES, INC. ('JAMS') FOR BINDING ARBITRATION." "NOTHING IN THIS PARAGRAPH SHALL IN ANY WAY LIMIT OR OTHERWISE RESTRICT A PARTY'S RIGHT OR ABILITY TO OBTAIN INJUNCTIVE RELIEF OR APPOINTMENT OF A RECEIVER THROUGH THE COURT SYSTEM."

The Agreements also provided, "Should any dispute arise between the parties hereto or their legal representatives, successors or assigns concerning any provision of this Agreement or the rights and duties of any person in relation thereto, the party prevailing in such dispute shall be entitled, in addition to such other relief that may

3

be granted, to reasonable attorneys fees and legal costs in connection with such dispute. For purposes of this Paragraph, a dispute shall include, but not be limited to, an arbitration proceeding or a court action for injunctive relief."

*Complaint and Application for Preliminary Injunction*

On February 18, 2011, the Mesa Investors filed a complaint against the O Hill Investors. The complaint featured two causes of action, each one devoted to a property and its accompanying Agreement. Each cause of action was characterized as a request for declaratory and injunctive relief. The basic allegations were the same in both causes of action: (1) the O Hill Investors violated the Agreements and their fiduciary duties to the Mesa Investors by spending money on obtaining entitlement changes to the Properties (e.g., general plan and zoning amendments) without the permission of the Mesa Investors; (2) the O Hill Investors used rents generated by the Properties to fund these projects; (3) the O Hill Investors ignored repeated objections to their management of the Properties by the Mesa Investors since 2008; and (4) the O Hill Investors failed to provide sufficient access to financial records pertaining to the Properties. In their prayer for relief, the Mesa Investors sought judicial determinations as to the parties' rights under the Agreements in connection with the O Hill Investors' disputed conduct, as well as injunctive relief (both preliminary and permanent) and attorney fees pursuant to the Agreements.

The complaint quoted the arbitration clauses in the Agreements. The complaint explained, "[T]he injunctive relief sought in this Complaint is properly before this Court, and while this action is ancillary to an anticipated Demand for Arbitration to be filed by Plaintiffs with [the Judicial Arbitration and Mediation Services] shortly hereafter, immediate injunctive relief from this Court is necessary and proper to protect the rights and interests of the Plaintiffs . . . ."

4

Less than a week after filing the complaint, the Mesa Investors applied for a preliminary injunction. At the end of April 2011, the parties stipulated and the court ordered "that, with the exception of [the Mesa Investors'] pending Motion for Preliminary Injunction, the above-captioned action is stayed pending arbitration of any claims and disputes between [the Mesa Investors], on the one hand, and [the O Hill Investors], on the other hand, arising under the Agreement."

The court denied the Mesa Investors' motion for preliminary injunction on May 20, 2011, finding "no irreparable harm shown by" the Mesa Investors. The court also observed, "This dispute appears to be one of breach of contract that should be resolved by arbitration by the parties under the terms of their agreement." Thereafter, the parties repeatedly stipulated to continuances with regard to scheduled alternative dispute resolution review hearings.

*Arbitration Proceedings*

Meanwhile, on April 14, 2011, the Mesa Investors filed with the Judicial Arbitration and Mediation Services (JAMS) a demand for arbitration against the O Hill Investors. The arbitration demand, which featured the trial court case number and trial judge in its caption, listed claims for breach of fiduciary duty, breach of contract, and conversion. Although additional factual detail was provided in this document (as compared to the complaint), each of these claims was premised on the Mesa Investors' objection to the O Hill Investors' pursuit of entitlement changes to the Properties, with funds generated by rents from the Properties, without the Mesa Investors' consent. Like the complaint, the arbitration demand also took issue with the O Hill Investors' alleged interference with the Mesa Investors' right to inspect financial records. And the Mesa Investors added new allegations concerning the O Hill Investors' opposition to a redevelopment plan proposed by a long-term tenant at one of the Properties.

5

The arbitration demand prayed for actual damages, exemplary damages, interest, costs, reasonable attorney fees, an accounting, and "such other and further relief as the Court [*sic*] may deem proper." The arbitration demand did not explicitly request injunctive relief or a declaration interpreting the Agreements.

In August 2011, alongside their response to the arbitration demand, the O Hill Investors filed counterclaims against the Mesa Investors, as well as two individuals affiliated with the Mesa Investors. The O Hill Investors sought a declaration that a notice purporting to terminate O Hill as the managing owner of the Properties was invalid, as well as damages based on the alleged interference of various entities and individuals with the entitlement process undertaken by O Hill.

The arbitrator[2] conducted hearings over nine days in October and November 2012. Both sides offered documentary evidence, called witnesses, and submitted posthearing briefs.

On March 4, 2013, the arbitrator issued a ruling designated as an "interim award." This 14-page document discussed the facts and procedural history of the case, then analyzed the merits of the claims made by the parties. The arbitrator ruled that the contractually agreed to statute of limitations had run with regard to most of the Mesa Investors' claims, but that the O Hill Investors had not breached any duty regardless. The arbitrator found that the only fiduciary duty under the Agreements was to provide financial information to co-owners. The arbitrator concluded that the O Hill Investors did not breach the Agreements through any of their allegedly unauthorized managerial acts, e.g., exceeding managerial authority, misrepresenting ownership of the Properties, pursuing the discretionary entitlements without explicit authorization from the Mesa Investors, expending funds on the entitlement process without authorization, opposing a competing development plan, or failing to adequately provide financial reports.

_____

[2] The Honorable Haley J. Fromholz, a retired Los Angeles County Superior Court trial judge, served as arbitrator.

6

The arbitrator also ruled in favor of the O Hill Investors with regard to their assertion that there was no cause to remove O Hill as the managing owner. But the arbitrator rejected the O Hill Investors' claims that the Mesa Investors either breached the Agreements or breached their fiduciary duties (or aided and abetted such breaches, as alleged against the two individuals affiliated with the Mesa Investors). The arbitrator invited an application by the O Hill Investors for attorney fees and costs.

The O Hill Investors moved for attorney fees and costs. Among other objections to the O Hill Investors' motion, the Mesa Investors claimed it was wholly improper for the O Hill Investors to seek $268,527.07 in attorney fees incurred in the court action opposing the motion for preliminary injunction.

The arbitrator issued his final award on May 17, 2013. No substantive changes were made to the arbitrator's analysis or findings. The arbitrator awarded the O Hill Investors $727,714.11 in attorney fees and $83,201.79 in costs for a total of $810,915.90. The arbitrator did not award $268,527.07 sought by the O Hill Investors for attorney fees incurred in the court action. "The Arbitrator agrees the claim should be presented to the Court that entertained the litigation, [which] would be in a better position to decide how much, if any, fees and costs would be reasonable."

*Dismissal of Action*

On April 8, 2013 (a month after the interim arbitral award but a month before the final arbitral award), the Mesa Investors filed a request for dismissal of the entire court action without prejudice. The dismissal was entered by the clerk the same day it was filed.

On June 4, 2013, the O Hill Investors moved to recover attorney fees incurred in the court action and to vacate the Mesa Investors' voluntary dismissal of the action. On June 11, 2013, the O Hill Investors petitioned (in this same court action, not a new one) to confirm the final arbitral award.

7

The court denied the O Hill Investors' requests. The court cited the Mesa Investors' "absolute right to dismiss [their] claims any time prior to the 'commencement of trial.'" As for the effect of the arbitration, the court deemed it to be "a separate proceeding bearing no relation to the separate action filed in superior court." "Plaintiffs' claims in this case were never referred by this court for resolution in another forum. The parties could certainly have stipulated to such a reference, or stipulated to have the arbitrator's decision bind the parties in this proceeding. They did neither. Moreover, [the O Hill Investors] failed to even show that the arbitrator's decision necessarily precluded [the Mesa Investors] from prevailing on the claims in this case."

## APPEALABILITY

"Ordinarily, a plaintiff's voluntary dismissal is deemed to be nonappealable on the theory that dismissal of the action is a ministerial action of the clerk, not a judicial act." (*Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012.) Reasoning from this axiom, courts have also held that a ruling on a motion to vacate a voluntary dismissal is not appealable. (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1360 (*H. D. Arnaiz*); *id*. at pp. 1365-1366 [order granting motion to vacate is reviewable only by petition for extraordinary writ]; *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 170-171 [following trial court's denial of motion to vacate, approves of petitioner's selected method of filing writ petition rather than appeal]; but see *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 21 [holding without extended analysis that an "order vacating the previously filed dismissals is appealable"].) This is because section 904.1 authorizes appeals from final judgments (§ 904.1, subd. (a)(1)) and from orders "made after a judgment made appealable by paragraph (1)" (§ 904.1, subd. (a)(2); see *H. D. Arnaiz, supra*, 96 Cal.App.4th at pp. 1365-1366). With only a voluntary dismissal rather than an appealable final judgment preceding it, an order

8

ruling on a motion to vacate a voluntary dismissal is not made after an appealable judgment and is therefore not appealable itself. (*H. D. Arnaiz*, at pp. 1365-1366.) If these cases are correct and apply here, the O Hill Investors cannot appeal the denial of their motion to vacate the Mesa Investors' voluntary dismissal.

In addition to retaining jurisdiction to vacate an untimely voluntary dismissal, trial courts retain jurisdiction to award attorney fees and costs following a voluntary dismissal. (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 261.) Even so, the same logic precluding appeal of an order denying a motion to vacate a voluntary dismissal would seem to apply equally to an order denying an award of attorney fees or costs, as such an order would also lack an appealable judgment to which to attach itself. Indeed, one court held that an order taxing costs following a nonappealable voluntary dismissal was not appealable. (*Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87, 92 (*Mon Chong Loong*).)

In our view, the law has taken a wrong turn to the extent it suggests the court's resolution of the O Hill Investors' motion is not appealable. We agree that a voluntary dismissal entered by the clerk is (generally) not a judgment. We also agree that an order *granting* a motion to vacate a voluntary dismissal is not appealable as such, because it allows the action to continue until entry of a final judgment occurs. But we conclude that a voluntary dismissal in conjunction with the postdismissal rulings made here are appealable as a judgment and orders attached thereto.

"A judgment is the final determination of the rights of the parties in an action or proceeding." (§ 577.) "[I]t is the substance and effect of an adjudication that is determinative, not the form of the decree. [Citation.] As a general test, an order constitutes the final determination of a case 'where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree.'" (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 801.)

9

As explained in our discussion of the merits, obtaining a preliminary injunction pending arbitration of the dispute was the impetus for filing the complaint in the first place. Once the Mesa Investors' motion failed and arbitration began on the merits of the parties' dispute, the possible recovery of attorney fees by one of the parties was one of the few potential remaining issues in this action. The court's order denying the O Hill Investors' request for attorney fees, issued in tandem with the denial of their request to vacate the dismissal, constituted the final determination of the issues in this case. There was nothing interlocutory about the court's rulings. (See *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 667-668 [although judgment entered pursuant to § 998 is not appealable, order denying motion to vacate the judgment was appealable because "rule barring piecemeal appeals has no applicability"].) Common sense dictates that we forego a hypertechnical interpretation of section 904.1 that would leave the O Hill Investors without the right to appeal despite an adverse judicial ruling ending the action and their right to seek attorney fees. (See *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 974 [sanctions order of less than $5,000 was appealable after a voluntary dismissal, even though "there was no 'final judgment in the main action'"].)

We therefore conclude the court's postjudgment orders and the underlying voluntary dismissal are appealable. If our analysis is in error, the O Hill Investors are required to challenge the court's order by way of a petition for an extraordinary writ. (*H. D. Arnaiz, supra*, 96 Cal.App.4th at p. 1366; *Gray v. Superior Court*, *supra*, 52 Cal.App.4th at p. 171.) We note that, even assuming the O Hill Investors' appeal is not properly before us, we would in that eventuality exercise our discretion to treat this appeal as a petition for writ of mandate. Several factors would compel this conclusion. The law is confusing. The briefing and record are sufficient to treat this matter as a writ proceeding. There is nothing to suggest the trial court would actually appear as a party if this matter were to be deemed a writ proceeding. And finally, the O Hill Investors'

10

contentions in this case have merit; it would be unjust if relief were to be denied by way of a procedural trap. (See *Mon Choong Loong*, *supra*, 218 Cal.App.4th at p. 92; see also *H. D. Arnaiz*, *supra*, 96 Cal.App.4th at p. 1367.)

## DISCUSSION

We review the court's interpretation of statutes and its application of the law to the facts (so far as they are undisputed) de novo. (*Lee v. Kwong* (2011) 193 Cal.App.4th 1275, 1281.) To the extent the court was making factual findings, we review such findings for substantial evidence. (*Vanderkous v. Conley* (2010) 188 Cal.App.4th 111, 116-117.) When a court considers the "facts and circumstances" of a voluntary dismissal to evaluate "whether allowing the dismissal to stand would be unfair or would endorse dishonest litigation tactics," its conclusion is reviewed for an abuse of discretion. (*Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 544.)

The Mesa Investors dismissed this action without prejudice, something they were entitled to do "at any time before the actual commencement of trial." (§ 581, subd. (b)(1).) The court denied the O Hill Investors' motion to vacate the dismissal, which meant there was "no party prevailing on the contract" for purposes of the recovery of attorney fees. (Civ. Code, § 1717, subd. (b)(1).) In reaching this result, the court classified this action and the arbitration as separate proceedings, such that the commencement and near-completion of the arbitration proceedings had no impact on the Mesa Investors' right to dismiss this action pursuant to section 581.

*Court's Finding that the Action and Arbitration were Unrelated was Erroneous*

The court erred by grounding its analysis in the mistaken premise that the arbitration was "a separate proceeding bearing no relation to the separate action filed in superior court." To the contrary, it is self-evident from the record that this action and the

11

arbitration were interdependent, featuring the same parties fighting over the same causes of action. Exhibit A in support of this thesis is the Mesa Investors' concession that the complaint was "ancillary" to the upcoming arbitration. Exhibits B and C are the striking similarities between the factual allegations in the complaint and arbitration demand.

Also compelling our conclusion is the structure of the litigation. A two-forum approach to litigation (i.e., court for provisional remedies, arbitration for the merits) is authorized by the Code of Civil Procedure, "but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." (§ 1281.8, subd. (b).) The Agreements required arbitration of "ALL DISPUTES" arising thereunder, but specifically allowed the parties to seek "INJUNCTIVE RELIEF OR APPOINTMENT OF A RECEIVER" in court. The Mesa Investors followed this well-worn pathway. The basis for the motion for preliminary injunction was that the O Hill Investors would continue in the future to do the same things that were alleged as the basis of the claims in the arbitration. The Mesa Investors represented to the court that a "preliminary injunction [was] necessary in order to maintain the status quo of the co-owned property until such time as the issues can be resolved at trial or through arbitration." The Mesa Investors were satisfied with staying the action once they obtained a ruling on their application for a preliminary injunction. In sum, everything that happened in the court action prior to dismissal indicated it was intended to function as part and parcel of the arbitration, rather than as a separate case not dependent on the outcome of the arbitration. Any preliminary injunction the Mesa Investors might have obtained would have been subject to the final ruling on the merits of the parties' dispute by the arbitrator. (Cf. *City of Oakland v. Superior Court* (1982) 136 Cal.App.3d 565, 569 [preliminary injunction automatically dissolves upon judgment for defendant].)[3]

---

[3] The court apparently considered it to be important that the O Hill Investors did not move to compel arbitration of the two causes of action pleaded in the complaint

In contesting the characterization of this action as one half of a dual-track pursuit of identical causes of action, the Mesa Investors emphasize that they sought injunctive relief in the complaint while the arbitration demand featured causes of action for breach of fiduciary duty, breach of contract, and conversion (and did not explicitly request injunctive relief).[4] But it must be recalled that "specific performance and injunctive relief are equitable remedies and not causes of action for injuries." (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1361, fn. 2; see *Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 618; see also *Olsen v. Breeze, Inc.* (1996) 48 Cal.App.4th 608, 626 ["violations of separate primary rights" constitute separate causes of action, not requests for "alternative forms of relief"].) The same basic factual allegations made in the complaint are also made in the arbitration demand. Injunctive relief must be tethered to a substantive cause of action — here, presumably, the applicable causes of action were breach of contract and/or breach of fiduciary duty.

The Mesa Investors hypothesize that the Agreements allowed them to take this case to trial for purposes of seeking a permanent injunction against the O Hill Investors, notwithstanding the arbitration result. This is dubious speculation based on a mistaken interpretation of the Agreements and a failure to acknowledge reality.[5] The

---

(or extract a stipulation from the Mesa Investors reaching the same result). We do not think the resolution of this case turns on the O Hill Investors failing to move to compel a case to arbitration that was already in arbitration for all intents and purposes.

[4] The Mesa Investors do not emphasize the declaratory relief aspect of the complaint in their brief, perhaps because they recognize that the arbitrator (while not explicitly providing declaratory relief) interpreted and applied the Agreements in reaching the merits of the parties' disputes.

[5] The most sensible interpretation of the Agreements is that the reservation of the parties' right to pursue unspecified "INJUNCTIVE RELIEF" in court was meant to refer to preliminary injunctions, not permanent injunctions. Conceivably, the Agreements might be read to allow the court to provide an additional injunctive remedy to the Mesa Investors had they won at arbitration. But such an interpretation is not

13

Mesa Investors lost at arbitration; any actual attempt to continue this action would run headlong into principles of res judicata and collateral estoppel. (See *Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 693 [in unfair practices case, if the arbitrator determined the defendant did not violate any law, residual injunctive relief request, which was not arbitrable in the private attorney general context, would be precluded].)

The Mesa Investors also highlight the counterclaims made by the O Hill Investors in the arbitration, claims that were not raised in this action. But the inclusion of additional issues and parties at the arbitration does nothing to undo the fact that the causes of action alleged in the complaint were fully submitted and decided on the merits by the arbitrator.

Having submitted the merits of the dispute to the arbitrator, the Mesa Investors lost. The Agreements specifically stated that the prevailing party in "an arbitration proceeding or a court action for injunctive relief" was entitled to recover attorney fees. At this point, the court action became a forum with only downside for the Mesa Investors (i.e., confirmation of the arbitral award followed by an award of additional attorney fees to the O Hill Investors). This is why the Mesa Investors dismissed the action, as they essentially admitted in a brief filed with the arbitrator ("The purpose of the dismissal was to end that action and eliminate any right to request fees and costs").

necessary to preserve the parties' rights to permanent injunctive relief. Leading arbitral forums are authorized to provide both provisional and permanent injunctive relief. (See JAMS Com. Arb. Rules, rule 24(c), (e); see also Com. Am. Arb. Assn. Rules, rules 37(a), 47(a).) Injunctive relief issued by an arbitrator in a private dispute is enforceable (so long as the arbitral award is confirmed, of course). (See *Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 529-531]; *O'Hare v. Municipal Resource Consultants* (2003) 107 Cal.App.4th 267, 278 ["it is well-settled arbitrators commonly provide equitable relief as part of their decision" including "permanent injunctive relief"].)

14

In sum, the arbitration and this action were, in essence, one action split in two to obtain separate remedies. The court erred in concluding they had nothing to do with each other.

*Plaintiffs Were Not Entitled to Voluntarily Dismiss This Action Without Prejudice*

"Where an action [on a contract] has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of" recovering attorney fees. (Civ. Code, § 1717, subd. (b)(2).) This rule is designed to avoid "pointless litigation" (e.g., "in moot cases or against insolvent defendants"), maintained by plaintiffs for the sake of avoiding liability for attorney fees. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 613.)

Thus, if the Mesa Investors' voluntary dismissal of the action was timely and therefore legitimate, the O Hill Investors' quest to recover attorney fees is doomed because they cannot be deemed the prevailing party. (See *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 485-486, 490.)[6] The court certainly had jurisdiction to rule on defendants' attorney fees motion. (*Gogri v. Jack in the Box Inc.*, *supra*, 166 Cal.App.4th at p. 261.) But jurisdiction to hear the

---

[6] By placing this case within the established framework of Civil Code section 1717, the O Hill Investors implicitly concede the court action was based solely on a contract (i.e., the Agreements). The parties do not discuss the possibility that recovery of attorney fees following the Mesa Investors' dismissal could be rooted in a characterization of plaintiffs' complaint as based (in whole or in part) on other causes of action, such as breach of fiduciary duty. (See *Santisas v. Goodin*, *supra*, 17 Cal.4th at p. 602 [although voluntary pretrial dismissal bars recovery of attorney fees for defense of breach of contract claims, such a dismissal does not block recovery of attorney fees for noncontract claims if the terms of the contract allows recovery of attorney fees for noncontract claims].) We accept the parties' framing of the issue. We note, however, that permanent injunctive relief is typically not available to forestall a breach of contract. (Civ. Code, § 3423, subd. (e); see *Blackburn v. Charnley* (2004) 117 Cal.App.4th 758, 766 [specific performance of contract available in limited circumstances, which include inadequacy of legal remedy and sufficient definiteness of contract terms].) This is yet another reason why the Mesa Investors could not have continued this action to obtain permanent injunctive relief.

15

motion was beside the point; the court had no discretion to award fees if it did not first vacate the Mesa Investors' voluntary dismissal of the action. This rule applies regardless of whether the action is dismissed with or without prejudice, so long as the plaintiff voluntarily brought about the dismissal pursuant to section 581. (*D & J, Inc. v. Ferro Corp.* (1986) 176 Cal.App.3d 1191, 1193-1195.)

The Mesa Investors filed a voluntary dismissal of this action without prejudice immediately after the arbitrator's interim award (i.e., both before the arbitrator finalized his award and before the O Hill Investors had the opportunity to confirm the award). The court ruled that the Mesa Investors were within their rights in doing so. The court's denial of the O Hill Investors' motion for attorney fees necessarily resulted from that ruling.

But once the court's mistaken premise concerning the relationship between the arbitration and this action is excised from the equation, it follows that the court erred by allowing the Mesa Investors to voluntarily dismiss the complaint without prejudice. This would be obvious had the Mesa Investors attempted to dismiss an action without prejudice after a jury returned with its verdict (but before judgment was entered), or after a trial judge conducting a bench trial had issued a tentative statement of decision (but before judgment was entered). The wrinkle here, of course, is that the Mesa Investors' causes of action were submitted to and decided by a private arbitrator, in an arbitration that commenced months before the Mesa Investors' purported dismissal of this separately filed court action. While formal distinctions can be drawn between the instant case and hypothetical court trial cases, they are substantively analogous. And we conclude section 581, properly interpreted, treats these similar cases the same way.

16

An action may be dismissed "without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs . . . ." (§ 581, subd. (b)(1); see *id.*, subd. (c).) "A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (*Id.*, subd. (a)(6).) The "purpose in cutting off the plaintiff's absolute right to dismissal upon commencement of trial is to avoid abuse by plaintiffs who, when led to suppose a decision would be adverse, would prevent such decision by dismissing without prejudice and refiling, thus subjecting the defendant and the courts to wasteful proceedings and continuous litigation." (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 909.)[7]

Factfinders other than an actual superior court judge can play the crucial role in presiding over the commencement of "trial." For instance, a plaintiff may not dismiss a small claims action without prejudice after it has been appealed by the defendant for a trial de novo in the superior court. (*Acuna v. Gunderson Chevrolet, Inc.* (1993) 19 Cal.App.4th 1467, 1473-1474 ["The commencement of trial in a small claims case occurs in the small claims court"].) And courts have repeatedly held that a plaintiff may not dismiss without prejudice after a judicial arbitration has resulted in an unfavorable award, even if the plaintiff exercises his or her right to a trial de novo

---

[7] Although the statute requires the "actual commencement of trial" (§ 581, subd. (b)(1)), "a substantial and fairly complex body of case law has grown up involving when . . . a plaintiff's statutory right to dismiss pursuant to section 581, subdivision (b)(1) is cut off by the presence of some impending 'dispositive' procedure" other than an actual trial on the merits. (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 194.) "[T]he common thread running through [many] of these decisions is the notion of fairness, which in turn depends on the plaintiff's motivation and intent in dismissing his complaint." (*Tire Distributors, Inc. v. Cobrae, supra*, 132 Cal.App.4th at p. 546.)

17

pursuant to section 1141.20, subdivision (a), before purporting to dismiss the action. (See *Lee v. Kwong*, *supra*, 193 Cal.App.4th at pp. 1281-1285; *Calderon v. Kane* (1995) 36 Cal.App.4th 1663, 1666-1667; *Herbert Hawkins Realtors, Inc. v. Milheiser* (1983) 140 Cal.App.3d 334, 337-340.)[8]

*Kelley v. Bredelis* (1996) 45 Cal.App.4th 1819, which arises out of the judicial arbitration context, goes even further in supporting our view that private arbitration should be treated like an actual trial for purposes of applying section 581. In *Kelley*, following an unfavorable judicial arbitration award, the plaintiffs filed a request for a trial de novo, then voluntarily dismissed the action with prejudice. (*Kelley*, at pp. 1822-1823.) Defendants moved to vacate the trial de novo, enter judgment on the arbitration award, and recover attorney fees pursuant to a prevailing party clause in the parties' contract. (*Id*. at pp. 1823-1824.) Relying on "common sense" and the state's policy favoring arbitration ("an arbitration is viewed as a trial on the merits"), the *Kelley* court held that the plaintiffs were not entitled to dismiss an action *with prejudice* after an unfavorable judicial arbitration award. (*Id*. at pp. 1826-1827.) The *Kelley* court also approved of the trial court deeming the defendants prevailing parties and awarding them attorney fees pursuant to Civil Code section 1717. (*Kelly*, at pp. 1831-1834.) The

---

[8] Subsequent to these cases, the Legislature amended section 1141.20, subdivision (a), to read, "An arbitration award shall be final unless a request for a de novo trial *or a request for dismissal in the form required by the Judicial Council* is filed within 60 days after the date the arbitrator files the award with the court." (Stats. 2011, ch. 49, § 3, italics added.) This amendment does not appear to be inspired by the case law cited above. (Judicial Council of Cal. Rep. on Code Civ. Proc., §§ 1141.20 and 1141.23 (2010) p. 1 ["sponsor legislation to amend . . . sections 1141.20 and 1141.23 to encourage settlement following judicial arbitration and reduce the number of trial de novo requests"].) We need not consider whether this amendment affects the vitality of the above-cited cases because this is not a judicial arbitration case, and we are therefore relying on the general rationale of these judicial arbitration decisions rather than the specific holdings.

holding of *Kelley* should apply with even more vigor in the context of contractual arbitration, which is not subject to a de novo trial at the option of the plaintiff.

Similarly, a plaintiff may not dismiss a partition action without prejudice after a referee, stipulated to by the parties, has conducted an evidentiary hearing and transmitted recommended factual findings to the trial court. (*Gray v. Superior Court*, *supra*, 52 Cal.App.4th at pp. 169, 173.) This is so even though the referee's "report and recommendation are advisory" because "the referee clearly serves as the initial examiner of the facts, and perhaps the law, in a partition action, under the aegis of the appointing court." (*Id*. at p. 171.) "Despite the fact that the partition referee's report was not in itself dispositive or tantamount to a final judgment, the trial proceedings began when the parties appeared before the referee to present their evidence." (*Ibid*.) Indeed, although the referee in *Gray* actually transmitted a report, the court's holding and rationale suggests the action could not have been dismissed without prejudice at any time after the parties started to present evidence to the referee. (*Id*. at p. 173 ["We hold that trial has actually commenced, thus cutting off a plaintiff's right to voluntary dismissal, when the parties appear and present evidence before a referee in a partition proceeding"].) From a policy perspective, this is because it is not only unfair to avoid an impending adverse ruling by dismissing without prejudice; it is also unfair to "commence putting forth the facts of the case before some sort of fact finder, such as an arbitrator . . . to allow the plaintiff to dismiss his complaint and refile." (*Ibid*.)

Applying section 581 and the aforementioned case authorities, it is apparent that the court erred in concluding the Mesa Investors were entitled to dismiss without prejudice.[9] The parties commenced arbitration on the merits in October 2012, when they presented evidence and argument before the arbitrator. This qualified as the "commencement of trial" referenced in section 581, subdivisions (b)(1) and (c), thereby cutting off the Mesa Investors' unilateral right to dismiss this action without prejudice.

*Entitlement to Attorney Fees*

The causes of action in the complaint were decided in favor of the O Hill Investors at the arbitration and there is no indication that the arbitral award has been or will be vacated. Nevertheless, the specific issue of entitlement to attorney fees appears to be unripe because a judgment of dismissal with prejudice has not yet been entered in favor of the O Hill Investors. It is therefore premature for this court to decide whether they are entitled to an award of attorney fees as prevailing parties.

---

[9] Case law cited by the Mesa Investors for the proposition that the arbitrator's ruling could not affect their right to dismiss this case is inapt because this action and the arbitration are essentially one action. (See *321 Henderson Receivables Origination LLC v. Red Tomahawk* (2009) 172 Cal.App.4th 290, 295-296; *id.*, at pp. 302-303 [unfavorable ruling in similar but separate special proceeding, brought by same petitioner but pertaining to structured settlement involving a different party, does not preclude petitioner from voluntarily dismissing petition in the proceeding in which hearing had not commenced].)

20

DISPOSITION

The judgment is reversed.  The court's order denying the O Hill Investors'
motion to vacate the Mesa Investors' voluntary dismissal without prejudice is reversed.
The matter is remanded for further proceedings consistent with this opinion.  The O Hill
Investors shall recover costs incurred on appeal.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.