Filed 1/28/26

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MIRANDA VIANI et al., | C102857 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 34-2020-00280046-CU-PO-GDS) |
| FAIR OAKS ESTATES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge. Dismissed.

Fry Law Corporation and Christopher J. Fry for Plaintiffs and Appellants.

Low McKinley & Salenko, Donna W. Low and Tiffany C. Sala for Defendant and Respondent.

This is the third appeal from plaintiffs. The first time, after the trial court granted summary adjudication against them on two of their three causes of action -- granting summary adjudication on the claims for negligence and wrongful death, but denying it for breach of contract -- plaintiffs voluntarily dismissed the entire action without prejudice and appealed from the voluntary dismissal. In an unpublished opinion, this court dismissed the appeal, explaining that "a voluntary dismissal without prejudice

1

is not a final judgment appealable on the merits." (*Viani v. Fair Oaks Estates, Inc.* (Apr. 18, 2023, C094672) (*Viani I*).) The second time, plaintiffs made a motion in the trial court to set aside their voluntary dismissal, and when the trial court denied the motion, plaintiffs appealed from the denial. This court dismissed the second appeal in an unpublished opinion, explaining that "the trial court's order denying the motion to set aside the voluntary dismissal was not an appealable order made after a final, appealable judgment." (*Viani v. Fair Oaks Estates, Inc.* (Aug. 20, 2024, C099457) (*Viani II*).)

This third time, defendant filed a memorandum of costs in the trial court, plaintiffs moved to strike some of the costs, and the trial court partially granted the motion to strike and entered a judgment of costs from which plaintiffs appeal. Plaintiffs assert that the costs judgment disposed of the matter entirely, thereby allowing them to challenge all orders made during the entire course of the litigation, and specifically, the order granting summary adjudication, an order denying plaintiffs' motion to set aside the summary adjudication order, and the order denying the motion to set aside the voluntary dismissal.

Once again, however, the costs judgment is not a final judgment disposing of the claims raised by plaintiffs in this case. Plaintiffs disposed of their claims when they voluntarily dismissed the entire action without prejudice. Because that voluntary dismissal was not a final judgment, the costs judgment is not appealable as an order made after a final, appealable judgment within the meaning of Code of Civil Procedure section 904.1, subdivision (a)(2).[1] As we will explain, although there may be situations in which a costs judgment should be treated as a final judgment for the purposes of challenging the related costs order and any subsequent orders, here plaintiffs do not challenge the costs order. Instead, they seek a back-door review of the summary adjudication ruling and other matters that we have already held were not reviewable

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

for lack of an appealable final judgment.  Under these circumstances, we will dismiss this appeal.

BACKGROUND

Plaintiffs sued Fair Oaks Estates, operator of an assisted living facility, asserting causes of action for negligence, breach of contract, and wrongful death arising from an alleged injury sustained by Debra Baker (the decedent) when a facility employee moved her.  Plaintiffs alleged that the injury caused the decedent's health to suddenly deteriorate, resulting in her death eight days later.

The trial court ultimately granted a motion by Fair Oaks Estates for summary adjudication as to the negligence and wrongful death causes of action, but it denied summary adjudication of the breach of contract cause of action.  The trial court also denied a subsequent motion to set aside the summary adjudication order.  Rather than proceed to trial on the remaining breach of contract claim, plaintiffs voluntarily dismissed the entire action without prejudice and appealed from that voluntary dismissal. This court dismissed the appeal, concluding that "[a] voluntary dismissal . . . without prejudice is not an appealable judgment."  (*Viani I, supra*, C094672; see also *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354 (*Gassner*); *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365 (*H.D. Arnaiz*).)

Plaintiffs then filed a motion in the trial court to set aside the voluntary dismissal. The trial court denied the motion.  Plaintiffs appealed from the order denying the motion to set aside the voluntary dismissal, and this court again dismissed the appeal.  Rejecting plaintiffs' assertion that the denial of their motion to set aside the dismissal " 'led to dismissal of the case,' " this court explained that their own voluntary dismissal of the case did that.  (*Viani II, supra*, C099457.)  This court also concluded that the trial court's order denying the motion to set aside the voluntary dismissal was not appealable as an "order made after a final, appealable judgment, within the meaning of section 904.1, subdivision (a)(2)."  (*Ibid*.)  Because, as this court had explained in *Viani I*,

3

"the underlying voluntary dismissal was not an appealable judgment," this court concluded in *Viani II* that "the trial court's order denying plaintiffs' motion to set aside that dismissal was not an order made after a final, appealable judgment." (*Ibid*.; see also *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 171.)

The trial court subsequently entered a "Judgment of Costs" in favor of Fair Oaks Estates, attaching Fair Oaks Estates' memorandum of costs, filed in August 2021, and the trial court's minute order, entered in September 2021, partially granting plaintiffs' motion to strike/tax the costs sought by Fair Oaks Estates and awarding Fair Oaks Estates $2,612.55. Plaintiffs now appeal from the costs judgment.

DISCUSSION

Plaintiffs reassert several contentions raised in their previous appeals, such as that the trial court erred in (1) granting summary adjudication on the negligence and wrongful death causes of action, (2) ruling that certain evidentiary objections made by plaintiffs were not properly formatted, (3) denying plaintiffs a continuance, and (4) denying their motion to set aside the voluntary dismissal. However, as in their previous appeals, there is a threshold question of appealability.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by . . . section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "There are three categories of appealable judgments or orders: (1) final judgments as determined by case law, (2) orders and interlocutory judgments made expressly appealable by statute, and (3) certain judgments and orders that, although they do not dispose of all issues in the case are considered 'final' for appeal purposes and are exceptions to the one-final-judgment rule." (*Conservatorship of Rich* (1996) 46 Cal.App.4th 1233, 1235.)

4

Plaintiffs appeal from a judgment of costs. They do not assert that the costs judgment falls within the second or third categories of appealable judgments or orders. Instead, according to their statement of appealability, the costs judgment is "a final judgment." Acknowledging that an appeal lies only from a judgment that completely disposes of the matter in controversy, plaintiffs argue that the costs judgment in this case did completely dispose of the matter. According to plaintiffs, because the costs judgment was a final judgment, and this is an appeal from the final judgment, they may challenge all orders made during the course of the litigation.

"A judgment is the final determination of the rights of the parties in an action or proceeding." (§ 577.) In determining the right to appeal, the focus is not on the form of the order or judgment, but rather on its legal effect. (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 698-699.)

The costs judgment did not finally determine the rights of the parties with respect to the claims raised by plaintiffs in this case. Their voluntary dismissal of the entire case disposed of their claims, but it was without prejudice, preventing a final judgment from being entered as to the dismissed claims. For the reasons explained in *Viani I*, the voluntary dismissal was not appealable. (*Viani I, supra*, C094672; see also *Gassner, supra*, 30 Cal.App.5th at p. 354; *H.D. Arnaiz, supra*, 96 Cal.App.4th at p. 1365.)

If the costs judgment in this case had been entered following an appealable final judgment, it would be " 'separately appealable as an order after final judgment.' [Citations.]" (*Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87, 92 (*Mon Chong Loong*).) But, in general, a costs order that "follows a nonappealable voluntary dismissal . . . is similarly nonappealable." (*Ibid*.) Indeed, "the same logic precluding appeal of an order denying a motion to vacate a voluntary dismissal would seem to apply equally to [a subsequent costs order], as such an order would also lack an appealable judgment to which to attach itself." (*Mesa Shopping Center-East, LLC v. O Hill* (2014) 232 Cal.App.4th 890, 898 (*Mesa*).)

5

It is true that in some circumstances, courts have treated orders entered after a voluntary dismissal as final judgments. But this case is different.

For example, *Mesa, supra*, 232 Cal.App.4th 890, involved a contractual dispute in which the plaintiffs sought injunctive relief, and also damages in arbitration. After the trial court denied a preliminary injunction, ruling that the contract dispute should be resolved by arbitration, and then an arbitration ruling favored the defendants, the plaintiffs voluntarily dismissed the lawsuit without prejudice. The defendants moved to vacate the dismissal and to recover attorney fees, but the trial court denied the defendants' motions. (*Id*. at pp. 893-897.) The court of appeal noted that ordinarily a voluntary dismissal would not be an appealable final judgment, and an order denying a motion to vacate a voluntary dismissal, and an order denying an award of attorney fees or costs, would not be appealable as an order made after an appealable final judgment. But the court declined to apply those general rules to the facts before it. (*Id*. at pp. 893-898.) "Once the [plaintiffs] . . . failed [to obtain injunctive relief] and arbitration began on the merits of the parties' dispute, the possible recovery of attorney fees by one of the parties was one of the few potential remaining issues" to be resolved, and the "order denying [the defendants'] request for attorney fees, issued in tandem with the denial of their request to vacate the dismissal, constituted the final determination of the issues" in that case. (*Id*. at p. 899.)

The appellate court in *Gassner, supra*, 30 Cal.App.5th 346, relied on *Mesa* to hold that a costs order was appealable as a final judgment even though it was entered after a nonappealable voluntary dismissal without prejudice. According to the court, such a costs order was a final determination of the parties' rights on the question of entitlement to those costs. (*Id*. at p. 354.) Disagreeing with *Mon Chong Loong* insofar as that case held that a costs order following a voluntary dismissal was not appealable, the court stated: "*Mon Chong Loong* jumped to the conclusion that a costs order after a voluntary dismissal without prejudice is appealable—if at all—*only* as a postjudgment order

6

under . . . section 904.1, subdivision (a)(2). While the vast majority of costs orders *are* entered after a final judgment and are therefore appealable on that theory, *Mesa* correctly recognized that a costs order may be appealable on some other theory, including, if it qualifies, as a final judgment." (*Gassner,* at p. 353.) Distinguishing review of a costs order from review of a motion to vacate a voluntary dismissal, the court added: "An order granting or denying a motion to vacate a nonappealable judgment or order is itself nonappealable because 'appealability cannot be created by moving to reconsider or vacate a nonappealable order and then appealing from an order denying the motion. [Citations.]' [Citation.] By contrast, reviewing a costs order after a voluntary dismissal does not require any review of the underlying dismissal. Thus, it presents no threat of back-door review of a nonappealable order." (*Id*. at pp. 354-355.)

Although the court in *Gassner* purported to disagree with the holding in *Mon Chong Loong*, it is possible to reconcile the decisions. *Mon Chong Loong* stands for the general rule that a costs order that "follows a nonappealable voluntary dismissal . . . is similarly nonappealable." (*Mon Chong Loong, supra*, 218 Cal.App.4th at p. 92.) This is because such an order is not appealable as an order entered after an appealable final judgment. However, *Mesa* and *Gassner* held that such an order may be appealable if it qualifies, either alone or in combination with other orders, as a final judgment. (See also *Joyce v. Black* (1990) 217 Cal.App.3d 318, 321 [treating an order striking costs as a final judgment in "the peculiar context of judicial arbitration" where the order possessed "all the earmarks of a final judgment"].) *Mon Chong Loong* did not address whether the costs order in that case qualified as a final judgment, presumably because that issue was not raised by the briefing. It is the appellant's burden to demonstrate why an order is appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.)

The costs judgment in this case was entered after a nonappealable voluntary dismissal without prejudice. Although the costs judgment determined the rights of the parties with respect to recoverable costs, plaintiffs here, unlike in *Gassner*, do not

7

challenge those costs in this appeal. Instead, they challenge, among other things, the trial court's summary adjudication ruling and denial of their motion to set aside the voluntary dismissal. Unlike the review of the costs order in *Gassner*, allowing plaintiffs to raise these claims in this appeal would amount to an impermissible "back-door review of a nonappealable order." (*Gassner, supra*, 30 Cal.App.5th at p. 355.) Under these circumstances, the costs judgment is not an appealable final judgment for purposes of the claims raised by plaintiffs in this appeal, and it is not appealable as an order entered after an appealable final judgment. Because plaintiffs have offered this court no other theory under which they may raise these claims, we apply the general rule and dismiss this appeal.

DISPOSITION

The appeal is dismissed. Fair Oaks Estates is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

/S/<br>
MAURO, J.

We concur:


/S/<br>
EARL, P. J.


/S/<br>
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.