Filed 10/20/21  Thomas v. St. Joseph Health System CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN THOMAS, | |
| Plaintiff and Appellant, | G059408 |
| v. | (Super. Ct. No. 30-2018-01006678) |
| ST. JOSEPH HEALTH SYSTEM et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Martha K. Gooding, Judge.  Affirmed.

West, Webb, Allbritton & Gentry, Gaines West, Kyle Carney; Troutman Pepper Hamilton Sanders and Oscar A. Figueroa for Plaintiff and Appellant.

Baker & Hostetler, Mark A. Kadzielski, Elizabeth M. Treckler and Jenna N. Scott for Defendants and Respondents.

\*        \*        \*

Plaintiff John Thomas appeals from an order awarding costs to defendants St. Joseph Health System, Covenant Health System (CHS) and Covenant Medical Center (CMC), after he voluntarily dismissed without prejudice his complaint as to all defendants. He contends defendants' costs memorandum was untimely, defendants were not prevailing parties for purposes of costs recovery and certain costs were unreasonable in amount or not reasonably necessary to the conduct of the litigation. We find no error and affirm the order.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff, a medical doctor, sued defendants alleging intentional interference with the right to practice his profession and unfair competition. The facts underlying the complaint are not relevant to the issues raised in this appeal.

CHS and CMC specially appeared to move to quash the service of summons based on lack of personal jurisdiction. They also requested the court dismiss, or alternatively stay, the action based on the doctrine of forum non conveniens, arguing Texas was the proper forum for the case. St. Joseph Health System did not join those motions; it separately demurred to the complaint and moved to strike portions of it.

At plaintiff's request, and over defendants' opposition, the court permitted jurisdictional discovery as to CHS and CMC. Plaintiff engaged in discovery with respect to the jurisdictional matters raised by defendants, with his counsel deposing five people. Two of the depositions took place in Texas and the other three in California. Defendants' counsel traveled to each of the depositions from Los Angeles.

After completing the depositions, plaintiff filed a written opposition to defendants' motions. He argued the court had personal jurisdiction over all defendants and California was the most appropriate forum.

The trial court held a hearing on all motions. Prior to the hearing, it issued a tentative order concerning the demurrer and indicated it did not intend to rule on the jurisdictional motions given its contemplated demurrer ruling. After hearing argument, the court took the matters under submission.

A few days later, the court issued a minute order providing a tentative ruling on the motion to quash and the forum non conveniens motion. It stated its further consideration of the motions altered its decision to hold off ruling on them until plaintiff filed an amended complaint. As for the merits, the court indicated its intent to grant the motion to quash due to lack of personal jurisdiction over the moving defendants and concluded the forum non conveniens motion was moot as a result. Because the parties did not previously have an opportunity to address a tentative ruling concerning these two motions, the court set a date for a final hearing on all pending motions.

Less than a week later, and prior to the scheduled hearing, plaintiff filed a voluntary dismissal without prejudice of the entire action. The court clerk entered the dismissal that same day.

Defendants filed a memorandum of costs, seeking roughly $10,800. The majority of the costs were deposition related with the remaining costs relating to filing and motion fees.

Plaintiff moved to strike costs or, in the alternative, to tax them. He argued the cost memorandum was untimely, defendants were not "prevailing parties" for purposes of cost recovery and the requested costs were not reasonably necessary to the conduct of the litigation or reasonable in amount.

Following a hearing at which there was no appearance on plaintiff's behalf, the trial court rejected plaintiff's arguments and awarded defendants the requested amount. Plaintiff appealed.

DISCUSSION

Plaintiff argues the trial court's denial of his motion to strike or tax costs, and its concurrent award of costs to defendants was error for three reasons. First, he claims defendants' cost memorandum was not timely. Second, he contends defendants were not "prevailing parties," as that term is defined in Code of Civil Procedure section 1032.[1] Third, he asserts the court erroneously failed to strike certain costs he characterizes as unreasonable and not supported by evidence. We find no error.[2]

"The right to recover costs is entirely a creature of statute." (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 737.) "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).) "'"The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] The parties do not raise the issue of appealability, but we nevertheless address it because appealability is jurisdictional. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.) There is a split of authority concerning whether a costs order entered after a voluntary dismissal without prejudice is an appealable order. (Compare *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 351-355 [costs order following voluntary dismissal without prejudice is appealable "judgment" because it is a final determination of rights of the parties in the action], with *Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87, 92 [costs order following voluntary dismissal without prejudice is not appealable post judgment order, but appellate court in its discretion may treat appeal therefrom as petition for writ of mandate].) We agree with the reasoning in *Gassner*, which found such an order appealable as a final judgment. (*Gassner,* at pp. 354-355.) Even assuming arguendo the costs order was not appealable, because plaintiff would otherwise be deprived of any opportunity for appellate review of the trial court's order, we would exercise our discretion to treat the notice of appeal as a petition for a writ of mandate.

4

blame pays costs to the party without fault."'"" (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147 (*DeSaulles*).)

The procedure for seeking to recover costs is specified in California Rules of Court, rule 3.1700. It provides, in relevant part: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Cal. Rules of Court, rule 3.1700(a)(1).)

According to plaintiff, the court clerk signed his request for dismissal and electronically served it on all parties on December 23, 2019. He contends defendants had 15 days from that date to file a memorandum of costs, but they did not do so. Instead, they filed their costs memorandum 24 days later.

There is no record of a notice of entry of dismissal being served. Plaintiff did not serve such a notice, even though he was obligated to so. (§ 1034, subd. (a); Cal. Rules of Court, rule 3.1390.) The court clerk signed a copy of appellant's request for dismissal, indicating dismissal was entered on December 23, 2019. Even assuming arguendo that document could function as a notice of entry of dismissal, there is no proof it was served on the parties. The only proof of service in the record related to the dismissal is one for plaintiff's filing of the dismissal request.

Because nothing triggered the 15-day deadline, defendants had 180 days from the entry of dismissal to file their memorandum of costs. (Cal. Rules of Court, rule 3.1700 (a)(1); see *Gagnon Co. v. Nevada Desert Inn* (1955) 45 Cal.2d 448, 455 [dismissal without prejudice has effect of final judgment because it concludes rights of parties in the particular action].) There is no dispute they did so.

Turning to defendants' entitlement to costs, section 1032 defines "'prevailing party'" as any one of the following: (1) a "party with a net monetary

recovery"; (2) a defendant in whose favor a dismissal is entered"; (3) "a defendant where neither plaintiff nor defendant obtains any relief"; or "(4) a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Id*. subd. (a)(4).) This list is not exhaustive. "[I]n situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not . . . ." (*Ibid*.)

Plaintiff argues defendants were not prevailing parties because his voluntary dismissal without prejudice was not a dismissal entered in their favor. He urges us to take a "pragmatic approach" to interpreting the statutory language and claims the focus should be on "'which party succeeded on a practical level'" and "'which party realized its litigation objectives.'" Plaintiff argues because the dismissal was without prejudice and because he refiled the case against defendants in a federal district court in Texas, alleging the same claims based on the same substantive facts, dismissal was not in defendants' favor. The same battle is ongoing, simply in a different forum.

Whether a party falls within one of the four categories authorizing the recovery of costs as a matter of right is a question of law we review de novo. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 739.) Since the issue raised by plaintiff involves determining the meaning of the phrase "in whose favor dismissal is entered," we apply traditional principles of statutory interpretation. We begin with the language of the statute, giving the words their usual, ordinary meaning, and we end there if the words are unambiguous. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 743.)

In their ordinary sense, the phrases "in favor of" or "in one's favor" mean "to the benefit of" or "to one's advantage." (Merriam-Webster Dict. Online (2021) <https://www.merriam-webster.com/dictionary/favor> [as of Oct. 8, 2021], archived at: <https://perma.cc/FQ4N-MG72>.) Thus, when a dismissal is entered to the benefit of, or to the advantage of, a defendant, the defendant qualifies as a prevailing party and is entitled to costs as a matter of right.

6

Here, plaintiff's voluntary dismissal was preceded by a series of events. In response to the complaint, two of the defendants moved (1) to quash service of summons and the operative complaint due to lack of personal jurisdiction, and (2) to dismiss or stay the litigation on the basis of forum non conveniens. The third defendant filed a demurrer and motion to strike portions of the operative complaint. Jurisdictional discovery ensued at plaintiff's insistence, despite defendants' objection, including five depositions which took place in California and Texas.

Thereafter, the trial court held a hearing on all the motions. At that time, it indicated to the parties it did not intend to rule on the motion to quash and the motion grounded in forum non conveniens due to its tentative disposition of the demurrer. It took the matters under submission and later changed course about ruling on the former motions. The court issued a written "tentative ruling" granting the motion to quash based on lack of personal jurisdiction and finding the forum non conveniens motion moot as a result. "[B]ecause the parties did not have the opportunity to review a tentative ruling and address argument to it, the [c]ourt continue[d] the hearing on all [pending] motions," setting a date certain for the hearing.

Four days after the court issued the tentative ruling in defendants' favor, plaintiff filed a request for voluntary dismissal without prejudice of the entire action. Approximately five weeks later, plaintiff filed suit against defendants in a federal district court in Texas—the very forum defendants had urged was proper—alleging similar state and federal claims.

This procedural sequence of events leads to only one conclusion— plaintiff's voluntary dismissal was in defendants' favor. The dismissal was not based on a settlement or a stipulation of the parties, and there was no waiver of costs. (See *DeSaulles, supra*, 62 Cal.4th at pp. 1152-1153 [voluntary dismissal following settlement with net monetary recovery to the plaintiff does not entitle the defendant to costs as prevailing party].) Rather, the dismissal appears to have resulted from plaintiff's own

7

recognition that the case was not viable in California, and instead needed to be filed in Texas. As a result of the dismissal, defendants no longer had to defend a seemingly untenable case against them in California. This type of situation is precisely the target of the Legislature's inclusion of dismissal as a basis for a defendant's entitlement to costs. (See *id.* at p. 1153 [section 1032 prevailing party "definition was intended to promote the equitable rule that unsuccessful plaintiffs could not evade the cost statute by dismissing their suit"].)

Contrary to plaintiff's assertion, at the time of the dismissal in California, there was no pending case filed in Texas. The fact the Texas case is ongoing is irrelevant. The Texas case has a life of its own in a different forum, subject to different procedural rules and potentially different substantive rules and law. Its pendency does not impact the characterization of the way this case terminated.

Plaintiff's reliance on attorney fees, particularly that concerning Civil Code section 1717, is also misplaced. Civil Code section 1717 does not define "prevailing party," but it expressly states "there shall be no prevailing party for purposes of this section" when an action is voluntarily dismissed. (*Id.*, subd. (b)(2).) In contrast, section 1032 defines the term "prevailing party" and the definition is particular to by-right cost recovery under that statute. (*DeSaulles, supra*, 62 Cal.4th at p. 1147.) We must assume the Legislature meant what it said (*Tracy v. Municipal Court* (1978) 22 Cal.3d 760, 764), and we may not add words to the statute under the guise of statutory interpretation (*Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 468).

As for the costs awarded, plaintiff contends certain costs were unreasonable and should have been stricken. Specifically, he argues approximately $8,000 in deposition related costs were unwarranted because some amounts were for "unspecified" items and other amounts were for local travel by defendants' counsel. He further argues even permissible travel costs were substantially larger than those incurred by his counsel in conjunction with the depositions.

8

Allowable costs under section 1032 must be "reasonable in amount" and "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (§ 1033.5, subds. (c)(2) & (3).) "'If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs.' [Citation.] We review for abuse of discretion the trial court's determination that costs were reasonably necessary." (*Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 222.)

Deposition related costs are generally allowable unless the opposing party demonstrates the taking of the deposition was unnecessary. (§ 1033.5, subd. (a)(3); see *County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1113.) Plaintiff made no such argument below and does not do so on appeal. And there is good reason. The depositions were conducted at plaintiff's request notwithstanding evidence from defendants showing a lack of personal jurisdiction by California courts.

Focusing on defendants' costs memorandum, plaintiff appears to challenge its specificity, noting defendants did not simultaneously file what he refers to as a "customary worksheet" breaking down the deposition related costs. But the only initial requirement for a party requesting costs is the filing of a verified memorandum of costs. (Cal. Rules of Court, rule 3.1700(a)(1).) The need for further detail and elaboration may later present itself if the opposing party moves to tax costs and properly puts some or all the costs at issue, as plaintiff eventually did here. Until that time, however, there is no additional burden on the moving party.

9

As for particular costs challenged through plaintiff's motion to strike or tax costs, the only specific costs plaintiff claims were erroneously awarded by the trial court are travel related costs for defendants' counsel to attend three depositions held in the city of Irvine.[3] He claims the depositions were "local" for defendants' counsel and thus such "routine" costs were unavailable. However, the sole California case plaintiff cites concerns nondeposition related travel costs. (*Ladas v. California State Automobile Assn.* (1993) 19 Cal.App.4th 761, 776.) He overlooks that "travel expenses to attend depositions" are expressly made recoverable by the costs statute. (§ 1033.5, subd. (a)(3)(C).)

Similarly, without merit is plaintiff's assertion the travel costs for defendants' counsel to attend the two depositions held in Texas were unreasonable because they were higher than his counsel's travel costs. The fact that costs are not the lowest possible does not make them inherently unreasonable. (*Landwatch San Luis Obispo County v. Cambria Community Services Dist.* (2018) 25 Cal.App.5th 638, 646.) A declaration by defendants' counsel stated the roughly $1,550 in travel costs for the three days spent in Texas for the depositions consisted of flights, lodging, parking and meals. It is not beyond the bounds of reason to conclude such costs were reasonable given that they only exceeded plaintiff's counsel's costs by about $450. (See *Blackman v. Burrows* (1987) 193 Cal.App.3d 889, 893 [abuse of discretion shown when action is arbitrary, capricious or without basis in reason].)

---

[3] For the first time in his reply brief, plaintiff challenges the reasonableness of costs associated with defendants' rental of a videoconferencing facility to hold the three Irvine depositions. "'Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant.'" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

## DISPOSITION

The order is affirmed.  Defendants are entitled to costs on appeal.


MARKS, J.*

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.