Filed 5/6/25  Safavi v. Ritzau CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NAZILA SAFAVI,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>KRISTEN RITZAU et al.,<br><br>    Defendants and Respondents. | G062901<br><br>(Super. Ct. No. 30-2019-01065460)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed in part, reversed in part, and remanded. Motions to augment record and request for judicial notice denied.

Nazila Safavi, in pro. per., for Plaintiff and Appellant.

Ford, Walker, Haggerty & Behar, James D. Savage, Jennie L. Hertzog, and Mark P. LaScola for Defendants and Respondents.

Nazila Safavi sued her dentist for professional negligence and related claims. The trial court granted the dentist's summary judgment motion and awarded the dentist approximately $6,400 in costs. Safavi appeals from that costs award.

We largely affirm the trial court's order, finding no abuse of discretion in awarding costs for deposing Safavi or subpoenaing records. However, because the trial court awarded CourtCall fees under a recently repealed statute, we reverse that portion of the order and remand the matter for further proceedings.

FACTS

Safavi received a series of dental treatments from Dr. Kristen Ritzau and her dental practice, Kristen Ritzau, D.D.S., Inc. (collectively, Ritzau). After experiencing severe mouth pain, Safavi filed a complaint against Ritzau and another dental provider, Dr. Colby Livingston, for professional negligence and lack of informed consent. Livingston and Ritzau, represented by separate counsel, conducted discovery, which included deposing Safavi and subpoenaing records from her other providers.

Livingston and Ritzau each filed a motion for summary judgment. The trial court granted both motions and entered judgments in their favor. Livingston and Ritzau then each filed a costs memorandum, with Livingston seeking $9,679.20 and Ritzau seeking $7,581.18. Among other costs, Ritzau sought $2,789.25 for Safavi's deposition and over $3,000 in subpoena fees and CourtCall fees.

Safavi appealed the judgment in favor of Ritzau. A different panel of this court affirmed, finding Safavi's claims against Ritzau were barred by the statute of limitations. (*Safavi v. Ritzau* (Dec. 21, 2022, G060189 [nonpub. opn.].)

Safavi filed a motion to tax costs, asserting several of Ritzau's claimed costs were redundant or otherwise not recoverable. Among other things, she argued Livingston already recovered the cost of the deposition transcript in her own costs memorandum, many of the records subpoenas were duplicative or unnecessary, and CourtCall fees are not recoverable by statute. Ritzau opposed the motion but conceded she incurred only $1,620.10 for Safavi's deposition (not $2,789.25 as originally claimed).

The trial court granted Safavi's motion in part, taxing costs by $1,169.15 based on Ritzau's concession about the cost of Safavi's deposition. The court otherwise denied the motion and awarded Ritzau $6,412.03 in costs. It reasoned that the fee Ritzau paid for Safavi's deposition transcript was not duplicative of the transcript costs claimed by Livingston; the various records subpoenas to Safavi's providers were necessary to evaluate her allegations and damages; updated records subpoenas were reasonable because of Safavi's ongoing treatment; and CourtCall fees were recoverable as costs under Code of Civil Procedure[1] section 367.6,[2] subdivision (c). **~(CT475-476)~**

Ritzau filed a notice of ruling on the motion to tax costs and a proposed amended judgment in the amount of $7,382.78, which included $6,412.03 in trial court costs and $970.75 in appellate costs. Safavi filed a notice of appeal from those two filings. Though neither of those filings is appealable, in the interests of justice we construe the appeal as being from

---

[1] All further statutory references are to this code.

[2] Former section 367.6 (repealed by Stats. 2022, ch. 979, § 2, eff. Jan. 1, 2023).

3

the court's order on the motion to tax costs. (Cal. Rules of Court, rule 8.104(d)(2).)[3]

## DISCUSSION

Safavi contends we should "redirect" Ritzau's litigation costs back to Ritzau under section 1021.5 because Safavi's lawsuit resulted in the enforcement of public interests. She is incorrect. Section 1021.5 allows a trial court to award attorney fees to a successful party in certain actions that result in the enforcement of an important right affecting the public interest. That statute has no application here: Safavi was not the successful party in the proceedings below and her lawsuit conferred no significant benefit on the general public or a large class of people.

Instead, the controlling statutes here are sections 1032 and 1033.5. Section 1032 provides that a prevailing party in a civil action is entitled "as a matter of right" to recover costs unless a statute expressly provides otherwise. (§ 1032, subd. (b).) Section 1033.5 lists the expenses that are and are not recoverable under section 1032 (§ 1033.5, subds. (a) & (b)) and provides that items not otherwise mentioned may be allowed or denied in the trial court's discretion (*id.*, subd. (c)(4)). All costs must be "reasonably necessary to the conduct of the litigation." (*Id.*, subd. (c)(2).)

We generally review a costs award for abuse of discretion. (*Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651, 658.) "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566), or whenever the court was unaware

---

[3] Safavi filed four motions to augment the record on appeal, and we deemed a portion of one of those motions as a request for judicial notice. We deny her motions to augment and her request for judicial notice because the documents discussed therein are either already in the appellate record or have no bearing on our determination.

4

of or misunderstood the scope of its discretion under the law (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 334 (*Barriga*)). If the court applies the incorrect legal standard when exercising its discretion, regardless of whether the error was harmless, the matter must be remanded so the court may exercise informed discretion. (*Id.* at p. 337.)

As the prevailing party, Ritzau is entitled to recover her costs as a matter of right. (§ 1032, subd. (b).) The only question is whether the trial court abused its discretion in finding the awarded costs recoverable under section 1033.5.[4]

Although the costs of deposition transcripts are generally recoverable (§ 1033.5, subd. (a)(3)(A)), Safavi insists Ritzau cannot claim the cost of Safavi's deposition transcript because that transcript was already claimed in Livingston's costs memorandum. The trial court correctly rejected that argument because Ritzau, who was represented by separate counsel, had to pay for her own copy of the transcript.

Safavi next challenges the costs award for records subpoenas, asserting those subpoenas were redundant to the subpoenas that Livingston served, were repetitively issued to the same entities, and were not relevant to the statute of limitations issue or otherwise beneficial to the litigation. The trial court was not persuaded by these arguments, nor are we. As the court correctly noted, Ritzau "subpoenaed records from all of [Safavi's] providers to

---

[4] Safavi devotes much of her briefing to matters that have no bearing on Ritzau's entitlement to costs, such as their pre-lawsuit interactions, the alleged outcome of the Dental Board of California's investigation of Ritzau, Safavi's struggle with various mental disabilities, and what Safavi perceives to be dishonest conduct by her expert witness. None of those matters is relevant to what costs Ritzau, as the prevailing party, may recover under sections 1032 and 1033.5.

assess [her] claims and alleged damages. These records were necessary so that they and their expert witness could evaluate [Safavi's] allegations, treatment and damages. Updated records subpoenas were also issued to several of the facilities because [Safavi's] treatment continued with these providers after the initial subpoenas were served, which is why there are multiple subpoenas for several of the providers." The fact that the subpoenaed records were not ultimately relevant to the summary judgment ruling on the statute of limitations does not preclude Ritzau from recovering those costs.

Finally, Safavi challenges the award of $376 in CourtCall fees, which Safavi contends are not listed as a recoverable cost in section 1033.5. The trial court found CourtCall fees were recoverable as costs under section 367.6, subdivision (c), which it quoted in full in its order. Former section 367.6 provided that telephone appearance fees were recoverable as costs under section 1033.5, but as noted above, this statute was repealed effective January 1, 2023, just six months before the trial court ruled on Safavi's motion. Because the trial court applied the incorrect legal standard, we must reverse that portion of the costs award and remand the matter for the court to exercise its sound discretion. (See *Barriga, supra,* 51 Cal.App.5th at p. 337.)[5]

## DISPOSITION

The order on Safavi's motion to tax costs is reversed as to the award of $376 for CourtCall fees, and the matter is remanded for an

---

[5] Courts have discretion to award CourtCall fees as costs under section 1033.5, subdivision (c)(4), if reasonably necessary to the conduct of the litigation. (*LandWatch San Luis Obispo County v. Cambria Community Services Dist.* (2018) 25 Cal.App.5th 638, 645.)

evidentiary hearing on that issue alone. The order on Safavi's motion to tax costs is otherwise affirmed. Safavi's motions to augment the record and request for judicial notice are denied. Each party shall bear her own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                          SCOTT, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.


7